Matthew D. Owdom (SBN 258779)
OWDOM LAW FIRM
632 W. Oak Ave. Visalia, California 93291
Telephone: 559.750-5224
matt@owdomlawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HEPNER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity; Unknown TULARE COUNTY SHERIFF'S DEPUTIES named herein as Does 1 - 50; and ROES 1-50 inclusive<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now Plaintiff, Roger Hepner ("Plaintiff") and hereby alleges as follows:

## **PARTIES**

1. Plaintiff is and at all times relevant herein, was a resident of the County of Tulare, State of California.

2. Defendant County of Tulare (the County) is a governmental entity located in the County of Tulare, State of California.

- 1 -
COMPLAINT FOR DAMAGES

3. Defendant Tulare County Sheriff ("TCS") is a governmental entity located in the County of Tulare, State of California.

4. The acts described herein forming the basis for this action took place within the County of Tulare, State of California by unnamed TCS deputies sued herein as DOES 1-50 employed by the TSC and the County, who were acting within the scope of course of their employment at all times referenced herein (all Defendants are sometimes collectively referred to herein as "Defendants").

5. The TCS deputies' names, positions and identification numbers are known to the County and the TCS. Plaintiff is informed and believes and thereon alleges that the TCS's deputies are aware of Plaintiff's claim pursuant to California Government Code § 910 et. seq. and of this impending litigation.

6. The true names of DOES 1-50 and ROES 1-50 are unknown to Plaintiff, who therefore sue the Doe and Roe Defendants by fictitious names. Plaintiff alleges that the TCS deputies, DOES 1-50, were employees of the County and/or TCS during the incident referenced herein, and ROES 1-50 are other governmental entities or persons responsible in some way for Plaintiff's injuries. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. With respect to each constitutional violation and tort referenced herein, Plaintiff alleges that the County and the TCS are vicariously liable for the actions of the TCS deputies, which actions were within the scope of employment, because imposition of vicarious liability (1) will prevent the recurrence of similar tortious conduct by creating an incentive for vigilance on the part of those in a position to guard against the evil to be prevented; (2) would give greater assurance of compensation to the victim; and (3) would spread the loss among the beneficiaries

of the enterprise because of the substantial benefits to the community stemming from the lawful exercise of police power.

7. Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe and Roe Defendants, were at all relevant times acting as actual agents, captive agents or brokers, conspirators, ostensible agents, partners, brokers and/or joint ventures and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

8. All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

10. At all times mentioned herein, each Defendant was the co-tortfeasor of each of the other Defendants in doing the things alleged.

## JURISDICTION AND VENUE

11. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Accordingly, this Court has jurisdiction over the case at bar.

COMPLAINT FOR DAMAGES

12. Venue is proper because Defendants reside and conduct business in the County of Tulare, State of California, and the acts referenced below also occurred within this District.

## FACTUAL BACKGROUND

13. Plaintiff is a 37 year-old intellectually disabled male. As a child and/or young adult, Plaintiff was diagnosed as suffering from "mental retardation." Plaintiff has been in the care of mental health assistance organizations such as Central Valley Regional Center for decades, with an IQ of 60 or less since the mid-80's. Since childhood, Plaintiff has never been able to take care of himself. Plaintiff suffered from oxygen deprivation as a newborn, and spoke gibberish, grunts and gestures as a child, but was unable to speak English until he was 8 or 9 years old.

14. In or about July 2017, Plaintiff was arrested on felony charges and incarcerated in the Tulare County pretrial detention facility administered by the TCS and staffed by TCS deputies. Following his arrest, Plaintiff is informed and believes that he was incarcerated in a "Level 5" unit with other intellectually disabled prisoners. "Level 5" incarceration is severe incarceration in which prisoners are caged for the vast majority of each day, with a less than one hour of time outside their cells for showering, phone calls and exercise (the "program.") Plaintiff is informed and believes that it was well known by Defendants that Plaintiff was and is intellectually disabled.

15. On or about October 26, 2017, an unknown TCS deputy – possibly named Deputy O'Neil or O'Neal - began taunting and harassing Plaintiff as Plaintiff began his "program." Specifically, Plaintiff was beginning his "program" and the TCS deputy would not allow Plaintiff to take his trash bag back to his cell before

COMPLAINT FOR DAMAGES

making his phone call to his brother, despite constant previous reinforcement that the trash bag had to be returned to the cell or else Plaintiff would be reprimanded, written up, or otherwise disciplined. When Plaintiff questioned this, the TCS deputy ordered Plaintiff to remain stationary after Plaintiff made a cup of coffee in a recycled plastic peanut butter jar, stating, "why the ---- do I have to see you every day."

16. Plaintiff then tossed his closed plastic peanut butter jar of coffee in the direction of the unknown TCS deputy. The peanut butter jar stayed closed the entire time, and caused no injury to anyone. Enraged at Plaintiff, the unknown TCS deputy – a male substantially larger than Plaintiff - ran to Plaintiff, lifted Plaintiff into the air, body-slammed Plaintiff, then mounted atop Plaintiff and began beating Plaintiff's face and body with his fists. The unknown TCS deputy did not stop the beating or call for backup. At some point during the incident, Plaintiff lost consciousness, however, the TCS deputy continued to viciously beat Plaintiff's face without stopping or calling for backup. In fact, the beating was only stopped when other TCS deputies arrived and restrained the unknown TCS deputy who committed the assault and battery.

17. Following the beating, Plaintiff was taken to the facility's infirmary, where he stayed for three days. Plaintiff's eyes were swollen completely shut. The whites of Plaintiff's eyes turned dark red due to ruptured blood vessels. In addition, Plaintiff suffered from a concussion, cuts to his face, chipped teeth, and substantial bruising to his face and other parts of his body.

18. In December 2017, Plaintiff submitted a timely claim to the County of Tulare and the TCS. The claim was denied in January 2018. This lawsuit followed.

COMPLAINT FOR DAMAGES

## ASSAULT AGAINST ALL DEFENDANTS

19. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

20. At all times herein referenced, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants' deputies were agents and/or employees of TCS and County, responsible for maintaining the special relationship with the general public. Defendants' abuse of Plaintiff was an abuse of authority. Defendants are liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

21. At the time of the incident described above, Defendants intended to touch/contact Plaintiff and/or intended to cause the imminent apprehension of touching/contacting Plaintiff.

22. At the time of the incidents described above, Plaintiff was placed in imminent apprehension of being touched/contacted by Defendants. Furthermore, Plaintiff did not consent to Defendants' conduct.

23. Defendants' conduct was a direct and proximate cause of Plaintiff's apprehension and injuries.

24. Accordingly, Plaintiff is entitled to damages in an amount to be determined by proof at trial.

25. Defendants' acts also constitute conduct intended by him to cause injury to Plaintiff and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of Civil Code section 3294, subdivision (a). Plaintiff is, therefore,

entitled to punitive damages against Defendant Nulick in an amount to be determined by proof at trial.

## SECOND CAUSE OF ACTION
## BATTERY AGAINST ALL DEFENDANTS

26. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

27. At all times herein referenced, the TCS deputies and Does 1-50 were employees of the County of Tulare and Tulare County TCS and/or other governmental entities to be shown according to proof, during which time the TCS's deputies and Does 7-50 were acting within the scope of their agency and employment.

28. Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants were an agent of Defendant TSC and County, responsible for maintaining the special relationship with the public.

29. The County and the TSC are liable for said acts of employees pursuant to California Government Code § 815.2.

30. At the time of the incident described above, the TSC's deputies touched Plaintiff's person in an intentional manner, thereby causing harmful contact, to wit, the beating referenced above. Further, Plaintiff did not consent to the harmful contact with Plaintiff's person.

31. Defendants' conduct was a direct and proximate cause of serious injuries to Plaintiff. Plaintiff is entitled to damages in an amount to be determined by proof at trial.

COMPLAINT FOR DAMAGES

32. Defendants' acts also constitute conduct intended by him to cause injury to Plaintiff and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of Civil Code section 3294, subdivision (a). Plaintiff is, therefore, entitled to punitive damages against Defendants in an amount to be determined by proof at trial.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

33. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

34. Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants were agents of Defendant TSC and County, responsible for maintaining the special relationship with the public. Defendants abuse of Plaintiff was an abuse of their authority and are liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

35. At the time of the incidents described above, Defendants' conduct as alleged herein was beyond the bounds of decency accepted within society and was intentional, outrageous, malicious, and c01mnitted for causing Plaintiff to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress, or done in reckless disregard of the probability of causing Plaintiff to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress.

36. As a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff has suffered great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to her damages in an amount according to proof at trial.

37. Defendant acts constitute conduct intended by him to cause injury to Plaintiff and despicable, malicious, and/or oppressive conduct that is candied on with willful and conscious disregard for the rights and safety of others in direct violation of Civil Code section 3294, subdivision (a). Plaintiff is, therefore, entitled to punitive damages against Defendants in an amount to be determined by proof at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

38. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

39. At all times material to this complaint, Defendants were acting under color of law and authority while violating Plaintiff's constitutional rights as herein alleged under the Fourth Amendment to the United States Constitution.

40. At all times herein referenced, the TCS deputies and Does 1-50 were employees of the County of Tulare and Tulare County TCS and/or other governmental entities to be shown according to proof, during which time the TCS deputies and Does 1-50 were acting within the scope of their agency and employment. The County and the TSC are liable for said acts of employees pursuant to California Government Code § 815.2.

41. Plaintiff has a constitutional right to be free from unlawful search, seizure, detention, assault, and battery and bodily intrusion, all of which were suffered by Plaintiff in the course of the incident and the conduct of Defendants at the "infirmary."

42. Plaintiff was subjected to unlawful assault and battery as a result of the conduct of Defendants.

43. As result of the violation of Plaintiff's Fourth Amendment rights, Defendants, and each of them, are liable to Plaintiff under 42 U.S.C. §1983.

44. As a result of said violations, Plaintiff has been damaged in an amount to be shown according to proof at trial; in addition, Plaintiff has been required to expend sums to be shown according to proof as reasonable attorney's fees and costs to obtain redress, which are recoverable pursuant to 42 U.S.C. §1988.

45. Defendants' conduct also constitutes acts intended with malice and oppression as to Plaintiff such that Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## FIFTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (MONELL) AGAINST ALL DEFENDANTS

46. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

47. Defendants, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter, including violation of Plaintiff s Fourth and Fourteenth

Amendments to the United States Constitution to be free from unreasonable conduct, including but not limited to assault and battery.

48. Plaintiff has a constitutional interest pursuant to the Fourth Amendment to the United States Constitution to be free from improper policies and customs from law enforcement officers such as the conduct by Defendants. These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in conducting unlawful and unwarranted searches and seizures resulting in improper violations of professional conduct by way of color of authority.

49. These policies and customs also include the express and/or tacit encouragement of assault and battery, oppressive detention, especially as it pertains to disabled individuals, the ratification of police misconduct and the failure to conduct adequate investigations of police misconduct such that future violations do not occur.

50. Plaintiff is informed and believes, and thereon alleges, that the customs and policies were the moving force behind the violations of Plaintiff's rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, Defendants, are liable for all the injuries sustained by Plaintiff as set forth above.

51. Plaintiff is informed and believes, and upon that basis contends, that Defendants maintain a pervasive policy of subjugated discriminatory and abusive practices against citizen, including, but not limited to:

    a. Physical assault and abuse of inmates by deputies, supervisors and/or other higher ranking officers with final policymaking

authority for Defendants that were subsequently poorly investigated and/or covered up by Defendants.

  b. Intentional violation of Defendant's recording and/or body cam policies and procedures by deputies, supervisors and/or other higher ranking officers with final policymaking authority for Defendants in order to avoid evidencing improper assault and abuse on citizens by Defendants.

  c. Abuse and assault against minorities and citizens with disabilities by deputies, supervisors and/or other higher ranking officers with final policymaking authority for Defendants as part of an accepted practice that were subsequently poorly investigated and/or covered up by Defendants to avoid legal consequences.

52. In acting as alleged herein, Defendants caused Plaintiff injuries, and caused Plaintiff other damages all in an amount to be determined at the time of trial.

53. Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CIVIL CODE §52.1 AGAINST ALL DEFENDANTS

54. Plaintiff re-alleges and incorporates by reference the allegations set forth above as though fully set forth herein.

55. Plaintiff alleges that at all times mentioned herein, The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Plaintiff of rights secured

- 12 -
COMPLAINT FOR DAMAGES

by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with her right to be secure in her person and free from unreasonable and unlawful search and seizure under the Fourth Amendment and Cal. Const. Art. I sec. 13 as well as Cal. Civil Code § 43, and the right of protection from bodily restraint and improper touching.

56. Pursuant to California Government Code §815.2, Defendants are liable for the acts, omissions and conduct of its employees, including Defendants herein, whose tortious conduct was a cause in the damages and injuries to Plaintiff.

57. As a direct cause of Defendants' conduct, Plaintiff s rights pursuant to California Civil Code §52.1 were violated, causing injuries and damages in an amount to be proved at the time of trial.

58. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to California Civil Code § 52.1 are entitled to recovery of said fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF UNRUH ACT AGAINST ALL DEFENDANTS

59. Plaintiff re-alleges and incorporates by reference the allegations set forth above herein.

60. Plaintiff claims that Defendants denied, aided or incited a denial of, and /or discriminated or made a distinction that denied full and equal accommodations, advantages, facilities, privileges, and/or services to Plaintiff, including, but not limited to, violations under Civil Code 52.3 and 52.45.

61. A motivating reason for Defendants' conduct was its perception of Plaintiff's sexual orientation, race, ancestry, and/or national origin.

62. Plaintiff contends that his disability and genetic code made him an easy susceptible target to discrimination and abuse by Defendants.

63. As a direct cause of Defendants' conduct, Plaintiff's rights were violated, causing injuries, harm and damages in an amount to be proved at the time of trial.

64. Plaintiff contends that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

65. Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial.

## **EIGHTH CAUSE OF ACTION**
## **NEGLIGENT HIRING AND SUPERVISION AGAINST DEFENDANT TCS, AND COUNTY**

66. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each paragraph of this Complaint.

67. The employees and/or agents of Defendants have a special relationship with Plaintiff, which imposes upon them an affirmative duty to take reasonable steps to protect her from reasonably foreseeable risks of hand.

68. As TCS deputies, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants were an employee and/or agent of Defendant TSC and County, responsible for maintaining the special relationship with the public, including Plaintiff. Defendants' abuse of Plaintiff was an abuse of authority.

COMPLAINT FOR DAMAGES

69. The employees and/or agents of Defendants failed to use reasonable care in hiring and supervising their employees and/or agents who had actual and constructive knowledge and/or notice that the manner and means of hiring created a dangerous environment for the public, including Plaintiff, and of Defendants' deputies acts and propensity to commit such acts.

70. Nonetheless, Defendants' employees and/or agents took no remedial steps to protect the public, including Plaintiff.

71. The employees and/or agents of Defendants knew or should have known that employment practices which failed to screen or investigate employees and/or agents with propensity to commit abuse would create a dangerous environment for the public, including Plaintiff.

72. The employees and/or agents of Defendants knew or should have known about Defendants' abuse in the public, including Plaintiff. Despite such knowledge, Defendants' employees and/or agents ignored and failed to investigate or remedy Defendant TCS deputies' conduct in any way, thereby placing the community at risk of harm.

73. Despite the knowledge of Defendants' employees and/or agents, they nevertheless negligently hired, retained, and supervised their personnel.

74. Defendants' employees and/or agents are liable under Government Code section 820, subdivision (a) for their acts or omissions that caused Plaintiff harm. In addition, Defendants are vicariously liable under Government Code section 815.2, subdivision (a) for the acts and/or omissions of their employees and/or agents who failed to take appropriate steps to train them personnel to report or prevent Defendants' abuse.

75. The employees and/or agents of Defendants owed Plaintiff a duty to protect him from unlawful abuse. Defendants' employees and/or agents knew or should have known that failure to properly supervise their personnel and investigate their conduct would subject persons, such as Plaintiff, to an unreasonable risk of being unlawfully abused.

76. As a direct and proximate result of negligent hiring and/or supervision of Defendants' employees and/or agents, Plaintiff suffered and continues to suffer damages, including, but not limited to, distress and other damages to be proven at trial.

## NINTH CAUSE OF ACTION
## NEGLIGENT TRAINING AGAINST DEFENDANT TCS AND COUNTY

77. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each paragraph of this Complaint.

78. As TCS deputies, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff as well as other community members.

79. Defendant Deputies were an agent and employee of Defendants TSC, County and Does 7-50, responsible for maintaining the special relationship with the community

80. The abuse of Plaintiff was an abuse of authority, position of authority, trust, influence and persuasion as an agent and employee of Defendants.

81. The employees and/or agents of Defendants owed a duty of care in training its personnel.

82. The employees and/or agents of Defendants neither had in place nor implemented an adequate system or procedure for investigating, training and


supervising employees and/or agents to prevent or remedy sexual of its citizens, especially given the special position of authority, trust, influence and persuasion the deputies had over the citizens such as Plaintiff. Defendants' employees and/or agents thereby failed to use reasonable care to prevent Defendant's conduct.

83. The employees and/or agents of Defendants breached their duty of care in training its employees and agents, thereby subjecting Plaintiff to an unreasonable risk of harm of abuse by Defendants' employees.

84. Defendants' employees and/or agents are liable under Government Code section 820, subdivision (a) for their acts or omissions that caused Plaintiff hand. In addition, Defendants are vicariously liable under Government Code section 815.2, subdivision (a) for the acts and/or omissions of their employees and/or agents who failed to take appropriate steps to train them personnel to report or prevent this abuse.

85. As a direct and proximate result of the negligence of Defendants' employees and/or agents, Plaintiff suffered and continues to suffer damages, including, but not limited to, distress and other damages to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays Judgment as follows:

1. For general and special monetary damages for the Plaintiff in an amount to be shown according to proof, but in a sum greater than the minimum jurisdictional limit of this Court;
2. For costs of suit and attorney's fees;
3. For punitive damages;

- 17 -
COMPLAINT FOR DAMAGES

4. For declaratory relief that Defendants' acts violated the first, fourth and fourteenth amendments, for a permanent injunction mandating the cessation of such conduct; and

5. For such other relief as the court may deem just and proper.

Dated: June 4, 2018

/s/ Matthew D. Owdom
OWDOM LAW FIRM
Attorneys for Plaintiff
By: Matthew D. Owdom

- 18 -
COMPLAINT FOR DAMAGES