UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HEPNER,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF TULARE, et al.,<br><br>      Defendants.<br><hr>NICHOLAS O'NEAL,<br><br>      Cross-Claimant,<br><br>  v.<br><br>COUNTY OF TULARE, et al.,<br><br>      Cross-Defendants. | Case No. 1:18-cv-00774-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CROSS-DEFENDANTS' MOTION TO DISMISS BE GRANTED, WITH LIMITED LEAVE TO AMEND<br><br>(ECF No. 33)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.    INTRODUCTION**

      Plaintiff Roger Hepner filed this civil rights action, which includes state law claims, on June 6, 2018. (ECF No. 1). Plaintiff's claims stem from the alleged use of force by defendant Nicholas O'Neal, who was a correctional deputy at the Tulare County pretrial detention facility when Plaintiff was a pretrial detainee there. On July 26, 2021, Cross-Claimant O'Neal ("Cross-Claimant") filed an answer and cross-claims against Cross-Defendants County of

\\\

Tulare, Tulare County Sheriff, and Does[1] 1 through 100. (ECF No. 31).[2] The cross-claims concern O'Neal's request that the County defendants provide or pay for his defense and pay for any damage award. On August 27, 2021, Cross-Defendants County of Tulare and Tulare County Sheriff ("Cross-Defendants") filed a motion to dismiss. (ECF No. 33). On September 17, 2021, Cross-Claimant filed his opposition. (ECF No. 39). On September 24, 2021, Cross-Defendants filed their reply. (ECF No. 41). On January 12, 2022, the Court held a hearing on the motion. (ECF No. 43).

For the reasons that follow, the Court will recommend that Cross-Defendants' motion to dismiss be granted, with limited leave to amend.

## II.  CLAIMS AT ISSUE

### a. Summary of Plaintiff's First Amended Complaint (ECF No. 5)

In his First Amended Complaint, Plaintiff alleges that he is a 37-year-old intellectually disabled male. He was arrested on felony charges in or about July 2017. Plaintiff was incarcerated in the Tulare County pretrial detention facility, and was housed with other intellectually disabled prisoners.

On or about October 26, 2017, an unknown deputy (who Plaintiff believes to be Cross-Claimant O'Neal) began taunting and harassing Plaintiff. Plaintiff then tossed his closed plastic peanut butter jar of coffee in the direction of Cross-Claimant. The jar stayed closed and caused no injury to anyone. Cross-Claimant became enraged. He ran to Plaintiff, lifted Plaintiff into the air, body-slammed Plaintiff, then mounted Plaintiff and began beating Plaintiff's face and body with his fists. The beating was only stopped when other deputies arrived and restrained Cross-Claimant.

Plaintiff further alleges that the policies and customs of Defendants were the moving force behind the violations of Plaintiff's rights.

\\\

---

[1] The cross-claims refer to "Moes," but it is the practice of this court to refer to unknown defendants as "Does."

[2] No doe defendants have been identified or served.

2

      b.   <u>Summary of Cross-Claimant's Cross-Complaint (ECF No. 41)</u>

In his cross-claims, Cross-Claimant incorporates by reference the allegations of Plaintiff's First Amended Complaint, but not for the purpose of admitting any of the allegations he denied in his answer.

Cross-Claimant alleges that, if he is found liable, the negligent, unlawful, and tortious conduct of Cross-Defendants was the primary cause, and Cross-Claimant's conduct was only a secondary and derivative cause. Additionally, if Plaintiff was injured, any such injuries were proximately caused and contributed to by the negligence, fault, acts, or omissions of Cross-Defendants.

Cross-Claimant tendered his request for defense and indemnity to County Cross-Defendants, but County Cross-Defendants have refused to defend, indemnify, or provide contribution to the benefit of Cross-Claimant.

Cross-Claimant brings three causes of action: 1) Total Equitable Indemnity; 2) Partial Equitable Indemnity; and 3) Declaratory Relief.

**III.   MOTION TO DISMISS**

      a.   <u>Cross-Defendants' Motion (ECF No. 33)</u>

On August 27, 2021, County Cross-Defendants filed a motion to dismiss the cross-claims. (ECF No. 33).

Cross-Defendants argue that Cross-Claimant fails to state a claim for a right to a defense by Cross-Defendants. (ECF No. 33-1, p. 5). "There is no factual allegation upon which this Court may infer that Cross-Defendants improperly denied him a defense." (<u>Id.</u>).

"Government Code[] Section 995.2 (a) provides that a public entity may refuse to provide for the defense of a civil action brought against an employee if the public entity determined, 1.) 'The act or omission was not within the scope of his or her employment; 2.) He or she acted or failed to act because of actual fraud, corruption, or actual malice; or 3.) The defense of the action by the public entity would create a specific conflict of interest between the public entity and the employee or former employee.['] Subdivision a (3) defines specific conflict of interest to mean 'a conflict of interest or an adverse or pecuniary interest…' Thus,

3

1  Cross Defendants are not required to provide a defense if any of the three conditions are met."
2  (ECF No. 33-1, pgs. 5-6) (final alteration in original).
3      "A claim that Cross-claimant is entitled to a defense at the expense of a public entity
4  simply because an employee was on duty when he assaulted and battered an inmate is nothing
5  more than a legal conclusion and ignores the Government Code that provides circumstances
6  under which a public entity may reject a request to provide a defense.  There is no factual
7  allegation in the cross claim upon which the Court could infer that the Cross-Defendants
8  abused its discretion as a public entity when it denied O'Neal a defense.  There are no factual
9  allegations establishing that any duty connected with the denial of a defense was breached.  The
10 statute, on its face authorizes a public entity to refuse to defend its employees if it determines
11 any of the three conditions are met."  (Id. at 6).
12     "Here, Cross-Claimant cannot amend his pleadings because the underlying cause of
13 action against Cross-Claimant alleges that his conduct is malicious and Cross-Claimant has
14 incorporated the allegation into his Cross Claim against Cross Defendants.  In addition, the
15 refusal to defend is satisfied because the pleadings establish a conflict of interest.  Cross-
16 Claimant's Affirmative Defenses contained in his Answer and the Allegations in the
17 Crossclaim establish that the Cross Complainant and Cross-Defendants have a specific conflict
18 of interest.  Here Cross-Claimant claims in his Answer that his conduct was in conformity with
19 policy, and that Cross-Defendants' conduct are the primary cause of the injury.  Cross-
20 Claimant was found guilty of Penal Code section 149.  Therefore, Cross-Claimant's interests
21 are in direct conflict with the interests of Cross-Defendants.  A public entity is not required to
22 provide a defense or otherwise finance litigation when the interests are 'diametrically opposed
23 to its own.'"  (Id.) (citation omitted).
24     Moreover, there is an adequate remedy at law "because the applicable code sections
25 provide that an employee may: (1) provide their own defense and then seek reimbursement or
26 (2) file a Petition for Writ of Mandate to compel a duty required under that part."  (Id. at 7).
27     Cross-Defendants also argue that "Cross-Claimant's claim is not yet ripe, is speculative,
28 and does not arise out of the transaction or occurrence that is the subject matter of the original

action. (FRCP 13). The underlying action has not concluded against Cross-Claimant. Thus, Cross-Claimant can't request reimbursement of the Agency because the defense has not yet been provided and damages have not yet accrued. Cross-Claimant has not filed a Petition for Writ of Mandate as authorized by the statute. There is no allegation that the Cross-Claimant has complied with the California Government Tort Claims Act as required for any claim to recover money damages." (ECF No. 33-1, p. 7).

Finally, Cross-Defendants also argue that "there is nothing in section 994.2 [sic] that requires the Sheriff, an elected official, to provide O'Neal with a defense at his own expense, especially where, as here, the issue is whether the County was required to provide O'Neal with a defense, as the purse strings of the Sheriff are entirely controlled by the County Board of Supervisors. *County of Butte v. Superior Court* (1985) 176 Cal.App.3d 693. Therefore, the Cross-Claim for attorney's fees and costs as alleged in the First Cause of Action should be dismissed against the Sheriff." (Id. at p. 5, n.1).

As to Cross-Claimants claims for indemnity, "Government Code section 815(b) provides that the liability of a public entity is subject to any immunity of the public entity provided by statute. Government Code section 844.6(a)(2) provides that a public entity is not liable for an injury to any prisoner. Subdivision (d) provides that nothing in that section exonerates a public employee for his negligent or wrongful act or omission. The section then provides a further immunity from suit by an employee for indemnity. Subsection (d) states, 'The public entity may but is not required to pay any judgment, compromise or settlement, or may but is not required to indemnify any public employee, in any case where the public [entity] is immune from liability under this section.'" (ECF No. 33-1, pgs. 7-8).

Attached to the motion to dismiss is a request for judicial notice. (ECF No. 33-2). Cross-Defendants ask the Court to take judicial notice of the criminal complaint filed against Cross-Claimant, as well as the Summary Page and Criminal Minutes Sentencing Sheet. (Id. at 2).

    b. Cross-Claimant's Opposition (ECF No. 39)

Cross-Claimant filed his opposition on September 17, 2021. (ECF No. 39).

1   First, Cross-Claimant argues that the Court should not consider the extrinsic material submitted by Cross-Claimant. (ECF No. 39, p. 2). "These documents are not central to the Plaintiff's First Amended Complaint ('FAC'), or any other parties' pleading, and so are not subject to consideration – without causing conversion to a summary judgment motion – on that basis." (Id. at 3). "Additionally, the County has asked the Court to take judicial notice of the extrinsic documents, and the County cites to the documents, in support of the argument that Mr. O'Neal 'pled guilty' to a charge under penal code Section 149. However, whether Mr. O'Neal 'pled guilty' is a matter in dispute. Mr. O'Neal disputes that he pled guilty because, in fact, he pled no contest. Evidence of a Nolo Contendere plea is not admissible in a subsequent civil case against the defendant that made the plea. Federal Rule of Evidence, 4[10](a)(2). A no contest is not a factual admission that the pleader committed a crime; rather, it is only a statement of unwillingness to contest the criminal charges." (ECF No. 39, p. 3) (citation omitted).

Second, Cross-Claimant argues that the Court need not accept the allegation of malice in the First Amended Complaint. (Id.). "The County contends that for purposes of this motion the Court must accept the allegation that Mr. O'Neal acted with 'malice,' because that allegation is contained in Plaintiff's FAC and Mr. O'Neal incorporated the FAC into his cross-complaint. The allegation of malice in the FAC is a non-factual legal conclusion which need not be accepted as true." (Id. at 4). "Moreover, Mr. O'Neal's cross-complaint specifically states that although he has incorporated the allegations of the FAC, he denies them." (Id.).

Third, Cross-Claimant argues that there is no requirement for pleading compliance with the Government Tort Claims Act to withstand a motion to dismiss. (Id.). And, even if there is such a requirement, "he could amend his pleading to assert that he has tendered a Government Tort Claim to the County of Tulare with regard to its denial of his demand for defense and indemnity in this case. Notably, the claim is timely because, as Mr. O'Neal can plead, the County of Tulare rejected his request for defense and indemnity on July 13, 2021 and he has one year from the accrual of his cause of action to file the claim." (Id.).

Fourth, Cross-Claimant argues that the County failed to meet its burden of showing that

Cross-Claimant is not entitled to relief on his claim for defense. (Id.). "Here, the FAC and the cross-complaint contain no factual allegations which identify a conflict of interest between Mr. O'Neal and the County at all, let alone a conflict identifiable under statute, rule, or regulation." (Id. at 5). "Additionally, in its motion, the County argues that the allegations against Mr. O'Neal were undertaken outside of the scope of his employment and with malice. Yet, despite the bald argument in the County's brief, the pleadings do not support this contention. The FAC, incorporated into Mr. O'Neal's cross-complaint, specifically pleads that Mr. O'Neal was acting in the scope of his employment at the time of the alleged injury." (Id.). "Moreover, as described above, there are no allegations upon which this motion can be based which demonstrate that Mr. O'Neal acted with Malice." (Id. at 6).

Finally, Cross-Claimant argues that the County failed to meet its burden of showing that Cross-Claimant is not entitled to relief on his claim for indemnity. (Id.) "The County bears the burden of proof on its affirmative defense that it rejected Mr. O'Neal's claim for indemnity without abusing its discretion. The County cannot meet that burden because the FAC and the cross-complaint do not contain sufficient facts upon which the court can reach that determination as a matter of law." (Id.). "Alternatively, Mr. O'Neal submits that if the Court were to dismiss the claims for indemnity on grounds that Government Code Section 815(b) is a bar, Mr. O'Neal could amend his complaint to show that (1) the County did not base its decision to deny indemnity on Government Code 815(b), (2) that Government Code 815(b) is a pretextual excuse for the County's denial, and (3) that the County denied Mr. O'Neal's claims on grounds that constitute abuse of discretion." (Id.).

### IV.   LEGAL STANDARDS FOR MOTIONS TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved

in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

**V.     DISCUSSION**

    a.  Cross-Claimant's Claim for a Defense

In Cross-Claimant's first claim, Cross-Claimant seeks to have Cross-Defendants provide a defense to him in this case on the ground that he was a public employee acting in the scope of his employment.

    *i.  Legal Standards*

California Government Code § 995 provides:

> Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity.
>
> For the purposes of this part, a cross-action, counterclaim or cross-complaint against an employee or former employee shall be deemed to be a civil action or proceeding brought against him.

California Government Code § 995.2 provides:

> (a) A public entity may refuse to provide for the defense of a civil action or proceeding brought against an employee or former employee if the public entity determines any of the following:
> (1) The act or omission was not within the scope of his or her employment.
> (2) He or she acted or failed to act because of actual fraud, corruption, or actual malice.
> (3) The defense of the action or proceeding by the public entity would create a specific conflict of interest between the public entity and the employee or former

employee.  For the purposes of this section, "specific conflict of interest" means a conflict of interest or an adverse or pecuniary interest, as specified by statute or by a rule or regulation of the public entity.

(b) If an employee or former employee requests in writing that the public entity, through its designated legal counsel, provide for a defense, the public entity shall, within 20 days, inform the employee or former employee whether it will or will not provide a defense, and the reason for the refusal to provide a defense.

(c) If an actual and specific conflict of interest becomes apparent subsequent to the 20-day period following the employee's written request for defense, nothing herein shall prevent the public entity from refusing to provide further defense to the employee.  The public entity shall inform the employee of the reason for the refusal to provide further defense.

   ii. *Analysis*

Among other things, Cross-Defendants argue that this claim should be dismissed because "[t]here is an adequate remedy at law because the applicable code sections provide that an employee may: (1) provide their own defense and then seek reimbursement or (2) file a Petition for Writ of Mandate to compel a duty required under that part."  (ECF No. 33-1, p. 7).

Cross-Claimant does not dispute Cross-Defendants' contention that a writ of mandate is required.  Moreover, California courts have held that the appropriate process for seeking a public entity to provide a defense is to seek a writ of mandate.  Daza v. Los Angeles Cmty. Coll. Dist., 247 Cal. App. 4th 260, 263 (2016) ("'[I]n the usual civil case brought against a public employee, a public entity must provide a defense to the employee (§ 995 et seq.) and pay any claim or judgment against him.  (§ 825 et seq.)  Where the public entity refuses to defend, the employee can seek a writ of mandate.... Alternatively, he can fund his own defense and then sue for reasonable attorney fees, costs and expenses incurred if the action or proceeding arose out of an act or omission in the scope of his employment as an employee of the public entity, but recovery is barred if the agency establishes the employee acted or failed to act because of 'actual fraud, corruption or actual malice.' (§ 996.4.)'") (alteration in original) (quoting Stone v. Regents of Univ. of California, 77 Cal. App. 4th 736, 746 (1999)).

Cross-Claimant is not seeking a writ of mandate in his cross-complaint.  Accordingly, the Court finds that this claim should be dismissed, without prejudice to Cross-Claimant

\\\

seeking a writ of mandate to require the County of Tulare[3] to provide a defense.[4]

### b. Cross-Claimant's Claim for Reimbursement of Cost of Defense

In Cross-Claimant's first claim, Cross-Claimant also seeks to have Cross-Defendants reimburse defense costs.

#### i. Legal Standards

California Government Code § 996.4 provides:

> If after request a public entity fails or refuses to provide an employee or former employee with a defense against a civil action or proceeding brought against him and the employee retains his own counsel to defend the action or proceeding, he is entitled to recover from the public entity such reasonable attorney's fees, costs and expenses as are necessarily incurred by him in defending the action or proceeding if the action or proceeding arose out of an act or omission in the scope of his employment as an employee of the public entity, but he is not entitled to such reimbursement if the public entity establishes (a) that he acted or failed to act because of actual fraud, corruption or actual malice, or (b) that the action or proceeding is one described in Section 995.4.
>
> Nothing in this section shall be construed to deprive an employee or former employee of the right to petition for a writ of mandate to compel the public entity or the governing body or an employee thereof to perform the duties imposed by this part.

#### ii. Analysis

Cross-Defendants argue that this claim should be dismissed because Cross-Claimant alleges that his conduct was malicious (pursuant to California Government Code § 996.4, a public entity does not need to provide a defense if the employee acted with the "actual malice."). However, Cross-Defendants are incorrect. Cross-Claimant alleges that he never acted maliciously. (ECF No. 31, p. 13). Moreover, throughout his answer, he denies the allegations that he acted maliciously. (ECF No. 31). Accordingly, this argument is not a basis

---

[3] Cross-Defendants argue that the claim against Tulare County Sheriff for a defense or defense costs should be dismissed because the issue is whether the County of Tulare was required to provide a defense, and there is nothing in the applicable law that requires the Sheriff to provide a defense at his own expense. (ECF No. 33-1, p. 5 n. 1). Cross-Claimant does not dispute this in his opposition. As there are no allegations suggesting that the Sheriff is a public entity that is required to provide a defense or pay for defense costs, and as Cross-Claimant does not dispute that dismissal of the Sheriff is appropriate, the Court will recommend that Cross-Claimant's claim for a defense or defense costs against the Sheriff be dismissed without leave to amend.

[4] As the Court has found that the claim should be dismissed because Cross-Claimant's recourse is to seek a writ of mandate, the Court need not address whether there is an actual conflict, and Cross-Defendants' request for judicial notice should be denied as moot.

to dismiss the cross-complaint at the pleadings stage.

Cross-Defendants also argue that the claim should be dismissed because it "is not yet ripe, is speculative, and does not arise out of the transaction or occurrence that is the subject matter of the original action." (ECF No. 33-1, p. 7). However, Cross-Defendants do not cite to any legal authority in their motion (except for Federal Rule of Civil Procedure 13), and do not expand on these arguments in their motion. Moreover, courts in California have allowed such cross-claims to proceed. See, e.g., Garot v. Cty. of San Diego, 2021 WL 51415, at *4 (S.D. Cal. Jan. 5, 2021). ("Under Rule 13(g), a cross-claim for indemnification or contribution need not be mature at the time of pleading. See Wada v. Aloha King, LLC, 154 F. Supp. 3d 981, 1003 (D. Haw. 2015); U.S. Bank, N.A. for Certificateholders of LXS 2007-16N Tr. v. Mar-A-Lago Homeowners Ass'n, No. 216CV00565GMNNJK, 2018 WL 3865375, at *4 (D. Nev. Aug. 13, 2018). Rather, '[a] crossclaim can be contingent upon the ultimate adjudication of the crossclaimant's liability to plaintiff.' Wada, 154 F. Supp. 3d at 1003 (citing Glens Falls Indem. Co. v. U.S. ex rel. and to use of Westinghouse Elec. Supply Co., 229 F.2d 370, 372–74 (9th Cir. 1955) ('Rules 13 and 14 ... authorize the assertion of cross-claims and third-party claims contingent upon ultimate adjudication of claimant's liability to plaintiff.')); see State Comp. Ins. Fund v. Drobot, No. SACV130956AGCWX, 2015 WL 12712320, at *2 (C.D. Cal. Dec. 18, 2015) ('Rule 13(g) explicitly allows Defendants to bring contingent claims against their co-defendants.').") (alteration in original). Accordingly, the Court finds these arguments unpersuasive.[5]

\\\

\\\

---

[5] For the first time in their reply, Cross-Defendants argue that "Cross-claimant cannot rely on the bare allegations in the underlying Complaint [to show that the County's conduct has been deliberately indifferent, negligent, unlawful or tortious] because the underlying Complaint is similarly deficient in that no facts are alleged upon which this Court could infer a relevant unlawful policy, practice or custom." (ECF No. 41, pgs. 9-1). It is not clear if this argument relates to Cross-Claimant's claim for a defense, claim for reimbursements of defense costs, or claims for indemnity. In any event, the Court need not consider arguments raised for the first time in a reply, Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."), and will not do so here, especially considering that Cross-Defendants are challenging for the first time in their reply to Cross-Claimant's opposition allegations that are contained in Plaintiff's complaint (in response to which they filed an answer, not a motion to dismiss (ECF No. 7)).

### c. California's Government Claims Act

#### i. Legal Standards

"Before a person can sue a public entity or public employee for money damages … he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 *et seq*. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Briggs v. Lawrence*, 230 Cal.App.3d 605, 613, 281 Cal.Rptr. 578 (1991); Cal. Gov't.Code §§ 950.2, 950.6. The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues. California Government Code § 911.2. A plaintiff 'must allege facts demonstrating or excusing compliance with the claim presentation requirement.' *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004)." Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).

#### ii. Analysis

Cross-Claimant does not argue that the Government Claims Act does not apply. Instead, he argues that he does not need to plead compliance with it. He also alleges that he did comply with it. Accordingly, if there is such a requirement, he can amend his cross-claims to plead compliance.

As discussed above, a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. As Cross-Claimant failed to do so in his pleading, the Court will recommend that the motion to dismiss be granted as to Cross-Defendants' argument that Plaintiff failed to plead compliance with the Government Claims Act. However, as Cross-Claimant has asserted that he can amend his cross-complaint to plead compliance, the Court will also recommend that this dismissal be with leave to amend, so that Cross-Claimant has an opportunity to cure the defect.

\\\

\\\

\\\

\\\

       d. <u>Cross-Claimant's Claim for Indemnity</u>

Plaintiff's first, second, and third cause of action all include a request for indemnity.

          i. *Legal Standards*

California Government Code § 844.6, which allows but does not require a public entity to indemnify a public employee in an action for an injury to a prisoner, states:

> (a) Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable for:
> (1) An injury proximately caused by any prisoner.
> (2) An injury to any prisoner.
>
> (b) Nothing in this section affects the liability of a public entity under Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code.
>
> (c) Except for an injury to a prisoner, nothing in this section prevents recovery from the public entity for an injury resulting from the dangerous condition of public property under Chapter 2 (commencing with Section 830) of this part.
>
> (d) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission. The public entity may but is not required to pay any judgment, compromise or settlement, or may but is not required to indemnify any public employee, in any case where the public entity is immune from liability under this section; except that the public entity shall pay, as provided in Article 4 (commencing with Section 825) of Chapter 1 of this part, any judgment based on a claim against a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state for malpractice arising from an act or omission in the scope of his employment, and shall pay any compromise or settlement of a claim or action, based on such malpractice, to which the public entity has agreed.

          ii. *Analysis*

Cross-Defendants argue that "[t]he underlying action stems from an assault and battery by cross-claimant to a prisoner. Therefore, the plain language of the statute provides an immunity, establishing no obligation to reimburse Cross-Claimant for injuries an inmate sustains by his intentional torts." (ECF No. 33-1, p. 8). Cross-Claimant does not address § 844.6 in his opposition.

Cross-Claimant does argue that "if the Court were to dismiss the claims for indemnity

on grounds that Government Code Section 815(b)[6] is a bar, Mr. O'Neal could amend his complaint to show that (1) the County did not base its decision to deny indemnity on Government Code 815(b), (2) that Government Code 815(b) is a pretextual excuse for the County's denial, and (3) that the County denied Mr. O'Neal's claims on grounds that constitute abuse of discretion." (ECF No. 39, p. 6). However, the relevant code section does not refer to the reason given by the public entity to refuse indemnity. It states that "a public entity is not liable for … [a]n injury to any prisoner." Cal. Gov't Code § 844.6(a)(2). Nor does the section refer to the propriety of an entity's discretion. Cross-Claimant cites to no case law or other authority that a public entity may be liable for an injury to a prisoner if it abuses its discretion. Accordingly, by the plain language of the statute, Cross-Defendants cannot be liable for a claim for indemnity because the claim arises from an injury to a prisoner.

Regarding discretion, California Government Code § 825(b) states, "[n]otwithstanding subdivision (a) or any other provision of law, a public entity is authorized to pay that part of a judgment that is for punitive or exemplary damages if the governing body of that public entity, acting in its sole discretion except in cases involving an entity of the state government, finds all of the following…." Setting aside whether this section is limited to punitive or exemplary, rather than compulsory, damages, nothing in this section overrides § 844.6(a)(2).

Additionally, based upon the plain language of § 844.6(d), public entities are not required to indemnify public employees for injuries to a prisoner:

> Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission. The public entity *may but is not required* to pay any judgment, compromise or settlement, or *may but is not required* to indemnify any public employee, in any case where the public entity is immune from liability under this section.

Cal. Gov't Code § 844.6(d) (emphasis added).

Accordingly, the Court finds that Cross-Claimant's claims for indemnity should be

---

[6] This section states that "[t]he liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

dismissed for failure to state a claim.[7]  The Court will also recommend that this dismissal be without leave to amend.  The Court finds that leave to amend would be futile because additional factual allegations would not change the legal analysis above.

## VI. RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. Cross-Defendants' motion to dismiss (ECF No. 33) be GRANTED, with limited leave to amend;
2. Cross-Claimant's claim for a defense or defense costs against the Tulare County Sheriff be dismissed without leave to amend;
3. Cross-Claimant's claims for indemnity be dismissed without leave to amend;
4. Cross-Claimant's claim for the County of Tulare to provide a defense be dismissed, without prejudice to Cross-Claimant seeking a writ of mandate to require the County of Tulare to provide a defense;
5. The motion to dismiss be granted as to Cross-Claimant's claim for the County of Tulare to reimburse defense costs, with leave to amend to plead compliance with California's Government Claims Act; and
6. Cross-Defendants' request for judicial notice be denied as moot.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

\\\

---

[7] The Court notes that, in his first two claims, Cross-Claimant alleges that damages should be apportioned based on comparative fault.  The parties do not address this assertion in their filings, and the Court does not address it either.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 15, 2022**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE