JENNIFER M. FLORES, SBN 094765
County Counsel for the County of Tulare
KATHLEEN A. TAYLOR, SBN 131100
Chief Deputy County Counsel
JUDITH D. CHAPMAN, SBN 169479
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: jchapman@tularecounty.ca.gov

Attorneys for Defendant County of Tulare

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| ROGER HEPNER<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity, NICHOLAS O'NEAL; Unknown TULARE COUNTY SHERIFF'S DEPUTIES named herein, as Does 1-50; and ROES 1-50, inclusive and ROES 1-50 inclusive<br>            Defendants. | Case Number: 1-18-cv-00774-DAD-EPG<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

Subject to the approval of this court, Plaintiff, ROGER HEPNER (hereinafter "HEPNER") and Defendants, COUNTY OF TULARE (hereinafter "County") and Defendant, NICHOLAS O'NEAL (hereinafter "O'NEAL"), stipulate to the following protective order concerning police/law enforcement personnel records, including officer home address, officer marital status, education, employment history, officer medical records, training records, performance evaluations, discipline records, applications, background checks, and investigations reports, or any other information retained in the personnel files of any peace officer employed by the County of Tulare and requested by HEPNER in their discovery requests. This Stipulation and Protective Order applies to records from the Tulare County Sheriff's Office in connection with any investigation involving a peace officer and

any other peace officer personnel record maintained in a peace officer personnel file of a peace officer employed by the Tulare County Sheriff's Department, including but not limited to any such records to be produced by COUNTY, and/or O'NEAL in compliance with HEPNER'S Requests for Production of Documents.

The parties recognize that it will be necessary for peace officer personnel records and police agency investigation reports pertaining to peace officers to be disclosed during the discovery portion this litigation.  The parties recognize that California law recognizes the confidentiality of peace personnel records (Evidence Code §§ 1043-1047).. Although there is no body of Federal Law that provides protections identical to those provided under California Evidence Code §§ 1043-1047, Federal Courts have routinely recognized protections for the privacy of parties to litigation, including protections based upon public policy protecting certain law enforcement personnel records and records reflecting the investigative and administrative practices and procedures of law enforcement agencies. The parties hereby agree to maintain the confidentiality of peace officer personnel records as stated herein by seeking this protective order.  The parties hereby stipulate and agree to the following terms of the protective order:

1. All documents falling within the categories described above, which may be produced by parties to this litigation, or by third party witnesses, are to be protected from disclosure to any person or entity other than Defendants their attorneys of record and their agents, or experts in connection with this litigation.

2. The parties, their attorneys of record, agents and experts agree to use said peace officer personnel records for the limited purpose of the above-captioned action in this litigation, and said documentation shall not be published or made available to any other person or entities for any purpose whatsoever or in connection with any other suit or litigation without prior written consent of Defendants or any other sworn officer whose training records are received, or upon written order of this Court upon motion properly filed, noticed and heard.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

    a) Counsel for the parties;

    b) Paralegals and/or legal assistants regularly employed by counsel for the parties, and stenographic deposition reporters or videographers retained in connection with this action;

    c) Clerical and secretarial personnel regularly employed by counsel for the parties;

    d) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    e) Any expert, consultant or investigator retained in connection with this action;

    f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

    g) Outside litigation support services retained by counsel, to the extent necessary to assist such counsel in this litigation, limited to copy services and scanning services; and

    h) Witnesses, as are necessary, during the course of exam in a deposition or at trial of the civil action.

4. The parties, their attorneys of record and experts shall make no more copies, summaries, or compilations of the police personnel records than are reasonably necessary in the defense of the litigation of this action.

5. Upon the final determination of the litigation of this action, all persons, including the parties, their attorneys of record and experts, to whom the Confidential Documents have been disclosed shall, without demand, immediately destroy all portions of the information and documentation they have received. All recipients of said documentation shall certify in writing to the attorneys for Defendants that they have complied with the provisions of this paragraph.

6. Upon termination of this action: (a) the Confidential Documents or any portion thereof, or other official police record documentation which has been submitted for identification and/or into evidence at trial of this action may be withdrawn by the attorneys for Defendants; and (b) the clerk is authorized to deliver said documentation and information to the attorney for Defendants.

7. The Confidential Documents or any other official police record documentation/ information contained therein, may be used in a deposition in this matter, but the party using it shall advise the court reporter that it is subject to this protective order.  A deposition which contains the Confidential Documents or any other official police record documentation/ information contained therein either in testimony or exhibits, shall be filed with the clerk of the court under seal, bearing substantially the following designation: "This deposition was taken subject to a Protective Order of the Court.  This deposition shall remain sealed until further order of the Court."

8. The parties agree that any Confidential Documents as defined herein that are used as an exhibit and filed with the Court as an exhibit shall be filed with the clerk of the court bearing substantially the following designation, "This document is subject to a Protective Order of the Court.  The document shall remain sealed until further order of the Court."

8. This Protective Order shall survive the termination of this action and continue in full force and effect, and the Court retains jurisdiction to enforce this Protective Order.

9. This Protective Order may only be modified or amended by further order of the Court for good cause shown.

SO STIPULATED.

Dated:  3-10-2022                                          JENNIFER M. FLORES
                                                                          Tulare County Counsel

                                                                          By __/s Judith D. Chapman_____
                                                                                Judith D. Chapman
                                                                                Deputy County Counsel
                                                                                Attorneys for Defendant County of
                                                                          Tulare

Dated: _3-10-2022                                          ABIR COHEN TREYZON SALO LLP

                                                                          By /s/ Brianna Franco

                                                                                Boris Treyzon
                                                                                Douglas Rochen
                                                                                Nathaniel S. Brown
                                                                                Brianna Y. Franco
                                                                          Attorneys for Plaintiff Roger Hepner

COUNTY COUNSEL
TULARE COUNTY
VISALIA, CALIFORNIA

4
Stipulation and Protective Order

Dated: _3-10-2022               MASTAGNI HOLSTEDT, A.P.C.

                                By /s/*Grant A. Winter*
                                Grant A. Winter.
                                Attorneys for Defendant Nicholas O'Neal

## **ORDER**

Pursuant to the stipulation of the parties (ECF No. 55), and as set forth above, the parties' Stipulated Protective Order is hereby approved.

IT IS SO ORDERED.

Dated:  **March 11, 2022**           /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE