UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HEPNER,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF TULARE, et al.,<br><br>    Defendants.<br>_____<br>NICHOLAS O'NEAL,<br><br>    Cross-Claimant,<br><br>  v.<br><br>COUNTY OF TULARE, et al.,<br><br>    Cross-Defendants. | Case No. 1:18-cv-00774-DAD-EPG (PC)<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 45) |

Currently pending before the Court is Plaintiff Roger Hepner's ("Plaintiff") motion for leave to file a Second Amended Complaint. (ECF No. 45.) The motion is unopposed. The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g). (Doc. No. 58.) Having considered the motion as well as the record in this case, Plaintiff's motion for leave to amend shall be GRANTED.

1

### I. BACKGROUND

Plaintiff filed this action on June 6, 2018, naming the County of Tulare, the Tulare County Sheriff, and unknown Tulare County Sheriff's Deputies. (ECF No. 1.) On August 28, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 6.) Plaintiff's claims arise from the alleged use of force by Nicholas O'Neal, who was a correctional deputy at the Tulare County pretrial detention facility where Plaintiff was a pretrial detainee. (*Id.*)

Plaintiff filed his motion for leave to amend the First Amended Complaint on February 25, 2022. (ECF No. 45.) In the motion, Plaintiff explains that the proposed amendments relate to Plaintiff's lack of opportunity and/or ability to exhaust administrative remedies before pursuing this lawsuit. (ECF No. 45.) Plaintiff has submitted a copy of the proposed First Amended Complaint as well as a description of the proposed changes. (ECF Nos. 45, 45-2.) Defendants County of Tulare, Tulare County Sheriff, and Nicholas O'Neal ("Defendants") have not filed any opposition or other response to the motion.

### II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

### III.    DISCUSSION

Leave to amend is appropriate under Rule 15(a). Plaintiff does not appear to have unduly delayed in seeking to amend the complaint or to have acted in bad faith or with a dilatory motive. Plaintiff explains that he brought the motion after the grievance issue was brought to his counsel's attention and heavily researched. (ECF No. 45 at 8.) Plaintiff requested that Defendants stipulate to amendment but they declined to do so. (*Id.* at 4.) It does not appear that any delay in filing the motion warrants denial of leave to amend.

Additionally, there is no indication of prejudice to any parties as no opposition to the motion has been filed. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). The Court has also reviewed the proposed amended complaint and finds that the granting of leave to amend would not be futile. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'").

///

The Court acknowledges that amendment may result in some slight delay in the resolution of this action. However, this is only one of several factors for the court's consideration, and it is not the most important. *See Jackson*, 902 F.2d at 1387 ("Prejudice to the opposing party is the most important factor" in determining whether to grant leave to amend."). Having found that there is no showing of prejudice, bad faith, or futility, the Court is satisfied that the granting of leave to amend is warranted here.

**IV.      CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 45) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiff shall file his Second Amended Complaint, a copy of which is attached as Exhibit A (ECF No. 45-2) to the motion; and

5. Any answer or other responsive pleading to the First Amended Complaint shall be filed and served in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **May 2, 2022**                                   /s/ Erica P. Grosjean
                                                                           UNITED STATES MAGISTRATE JUDGE