1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

ROGER HEPNER,

11

Plaintiff,

12

v.

13

COUNTY OF TULARE, et al.,

14

Defendants.

15

_____

16

NICHOLAS O'NEAL,

17

Cross-Claimant,

18

v.

19

20

COUNTY OF TULARE, et al.,

21

Cross-Defendants.

22

Case No. 1:18-cv-00774-ADA-EPG (PC)

ORDER GRANTING IN PART DEFENDANT COUNTY OF TULARE'S REQUEST TO RESET THE DISPOSITIVE MOTION DEADLINE TO COMPLY WITH THE TIME FRAMES SET FORTH IN RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

(ECF No. 92)

23

On April 11, 2023, defendant County of Tulare ("Defendant") filed a request to reset the

24

dispositive motion deadline to comply with the time frames set forth in Rule 56 of the Federal

25

Rules of Civil Procedure.  (ECF No. 92).  On April 14, 2023, Plaintiff filed his opposition.  (ECF

26

No. 98).  For the reasons that follow, the Court will grant Defendant's request in part.

27

**I.      DEFENDANT'S REQUEST**

28

On April 11, 2023, Defendant filed a request to reset the dispositive motion deadline to

1   comply with the time frames set forth in Rule 56 of the Federal Rules of Civil Procedure.  (ECF

2   No. 92).   According to Defendant, Defendant entered into two stipulations, drafted by Plaintiff,

3   that extended certain dates and deadlines, and in both, the dispositive motion deadline was set

4   before the close of expert discovery.  (Id. at 3-4).  However, Defendant never intended to agree to

5   this.  (Id.).  Instead, Defendant only agreed to the stipulations so long as the dispositive motion

6   deadline was after the close of expert discovery.  (Id.).  And, "[t]he original stipulation had the

7   dispositive motion deadline scheduled 30 days after the expert witness discovery cut-off."  (Id. at

8   3).  "Ultimately, believing that the stipulation would accurately reflect the agreement of the

9   parties and not realizing that Plaintiff had significantly shortened the dispositive motion filing

10  deadline to occur prior to expert witness disclosures, and the close of discovery, Defense counsel

11  agreed that Plaintiff could electronically sign the document on her behalf."  (Id. at 3-4).  The

12  second stipulation repeated this error.  (Id. at 4).  Thus, Defendant argues "that good cause exists

13  to continue the dispositive motion deadline to August 21, 2023, to accurately reflect the true

14  agreement of the parties when the [first] stipulation was erroneously entered."  (Id. at 5).

15  Additionally, good cause exists because, on April 5, 2023, Defendant received discovery

16  responses from Plaintiff that indicate Plaintiff's intent "to rely on expert evidence on the issues of

17  liability and causation in this case."  (Id.).

18        Defendant argues that this extension does not prejudice the parties "because there is no

19  trial currently set in this case and the Pretrial Conference isn't scheduled until January 8, 2024."

20  (Id.).

21  **II.     PLAINTIFF'S OPPOSITION**

22        On April 14, 2023, Plaintiff filed her opposition to the motion.  (ECF No. 98).  Plaintiff

23  argues that the parties stipulated to setting the dispositive motion deadline prior to the close of

24  expert discovery.  (Id. at 2).  "Setting the dispositive motion deadline before the close of expert

25  discovery promotes the expeditious resolution of litigation, enhances judicial efficiency, and

26  serves the interests of justice here."  (Id.).  Plaintiff further argues that Federal Rule of Civil

27  Procedure 56 does not require the dispositive motion deadline to be set thirty days after the close

28  of all discovery.  (Id. at 3-4).  Plaintiff argues that Defendant failed to show good cause for

1    extending the deadline thirty days after the close of all discovery.  (Id. at 3).

2         However, "in an effort to work with Defendant and absolve them of their concerns

3    regarding Plaintiff's expert witness evidence, it is more than fair that the dispositive motion

4    deadline be extended by no more than two (2) weeks from the date of expert disclosures – making

5    the proposed dispositive motion deadline May 26, 2023."  (Id. at 2).  With this shorter extension,

6    Defendant will have Plaintiff's expert witness evidence prior to the dispositive motion deadline.

7    (Id. at 4).  Additionally, it would allow the parties to "incorporate the information obtained in

8    Rebuttal Expert Disclosures in their respective Opposition and Reply."  (Id. at 2-3) (footnote

9    omitted).  Given this, Plaintiff argues that there is no need for a longer extension, which "will

10   cause unnecessary delay and increased litigation costs."  (Id. at 4-5).

11        Plaintiff asks the Court to either deny the motion in its entirety, or to grant only a two-

12   week extension of the dispositive motion deadline.  (ECF No. 5).

13   **III.    ANALYSIS**

14        The Court will grant Defendant's motion in part.

15        Defendant had at least four opportunities to notice that the dispositive motion deadline

16   was set before the expert discovery cutoff, with the latest opportunity occurring on January 23,

17   2023.  (ECF Nos. 67, 68, 75, & 76).  However, Defendant did not bring this issue to the Court's

18   attention until April 11, 2023.  Nevertheless, as it appears that the parties intend to rely on

19   experts, allowing the parties to gather and exchange expert evidence prior to the dispositive

20   motion deadline will promote the just, speedy, and inexpensive determination of this action (see

21   Fed. R. Civ. P. 1).  Additionally, Plaintiff does not address Defendant's allegation that Defendant

22   only agreed to the stipulation so long as the dispositive motion deadline was set after the close of

23   all discovery, nor does Plaintiff show any prejudice that an extension will cause.  Therefore, the

24   Court will grant Defendant's motion in part.[1]  Instead of granting Defendant thirty days from the

25

26   _____

27        [1] Federal Rule of Civil Procedure 56 does not require the Court to set the dispositive motion deadline thirty
     days after the close of all discovery.  Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or *the court
     orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all
28   discovery.")  (emphasis added).

1  close of expert discovery to file a dispositive motion, the Court will grant fourteen days.[2]

2  **IV.    ORDER**

3       Based on the foregoing, IT IS ORDERED that:

4       1.  The dispositive motion filing deadline is extended to August 4, 2023.

5       2.  All other terms and conditions of the Scheduling Order (ECF No. 40) remain in

6           full force and effect.

7

8  IT IS SO ORDERED.

9

10      Dated:   **April 17, 2023**                    /s/ _Erica P. Grosjean_

                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27      [2] Plaintiff's proposal for a two-week extension of the dispositive motion deadline does not provide Defendant with sufficient time.  Plaintiff proposes a dispositive motion deadline of May 26, 2023, but this deadline runs before the rebuttal expert disclosure deadline of June 12, 2023, and the expert discovery cutoff of July 21, 2023

28  (see ECF No. 76, p. 2).