**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HEPNER,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF TULARE, et al.,<br><br>   Defendants. | Case No. 1:18-cv-00774-NODJ-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S REQUESTS TO SEAL WITHOUT PREJUDICE<br><br>(ECF Nos. 127, 128) |

Roger Hepner ("Plaintiff"), represented by counsel, is proceeding in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's requests to seal documents and video exhibits in support of the opposition to the motion for summary judgment. (ECF Nos. 127, 128.) For the reasons described below, the Court denies Plaintiff's requests to seal without prejudice.

**A. Background**

This action is proceeding on Plaintiff's Second Amended Complaint ("SAC") for the following claims: (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) violation of the Fourth Amendment; (5) *Monell* liability; (6) violation of California Civil Code section 52.1; (7) violation of the Unruh Act; (8) negligent hiring and supervision; and (9) negligent training. (ECF No. 60.) These claims stem from an incident that occurred on or about October 26, 2017, at the Tulare County pretrial detention facility. The SAC alleges that an unknown Tulare County Sheriff ("TCS") deputy began taunting and harassing Plaintiff, Plaintiff

1 tossed a closed plastic peanut butter jar filled with coffee in the direction of the unknown TCS
2 deputy,[1] the unknown TCS deputy ran to Plaintiff, lifted Plaintiff into the air, body-slammed
3 Plaintiff, then mounted atop Plaintiff and began beating Plaintiff's face and body with his fists.
4 At some point during the incident, Plaintiff lost consciousness, but the TCS deputy continued to
5 beat Plaintiff's face without stopping or calling for backup. The beating stopped when other TCS
6 deputies arrived and restrained the unknown TCS deputy. (ECF No. 60 at 5.[2])

7 On November 3, 2023, Defendants County of Tulare and the Tulare County Sheriff
8 ("County Defendants") filed a motion for summary judgment. (ECF No. 124.) On November 17,
9 2023, Plaintiff filed an opposition to the motion for summary judgment. (ECF No. 131.) Plaintiff
10 also filed requests to seal documents and video exhibits in support of the opposition to the
11 motion for summary judgment. (ECF Nos. 127, 128.) Specifically, Plaintiff requests to seal two
12 crime reports related to the subject incident at issue in this case and fourteen video recordings of
13 footage from the day of the subject incident.[3] (ECF No. 127 at 2; ECF No. 128 at 2.) County
14 Defendants have not opposed Plaintiff's requests to seal. (ECF No. 127 at 2; ECF No. 128 at 2.)

**B. Legal Standard**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a particular court record is one "traditionally kept secret,"[4] a "strong presumption in favor of access" is the starting point for this Court's inquiry. *Kamakana*, 447 F.3d at 1178 (citations omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record must meet the compelling-reasons standard by articulating compelling reasons, which are supported by specific

---

[1] The peanut butter jar stayed closed the entire time and caused no injury to anyone. (ECF No. 60 at 5.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] On November 17, 2023, the Court received a USB drive containing the fourteen videos. (ECF No. 130.)
[4] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

2

facts, that outweigh the historical right of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79. "'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion. The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply.")).

The Court must "conscientiously balance" the "competing interests" of the public and the party seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (citation omitted). The determination as to what constitutes a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

**C. Analysis**

Here, Plaintiff argues that "good cause" exists to seal the two crimes reports and the fourteen video recordings "because they are subject to a protective order and contain information that is deemed confidential and private and do not have any general value to the public's access." (ECF No. 127 at 5; ECF No. 128 at 5.) With respect to the video recordings, Plaintiff states that "they depict the interior of the facility which poses a security risk." (ECF No. 128 at 2.)

As noted above, "compelling reasons"—not good cause—"must be shown to seal judicial records attached to a dispositive motion," and "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179 (citation omitted); *see id.* at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."). To satisfy this standard, Plaintiff must "articulate[ ] compelling reasons supported by specific factual findings," which Plaintiff has not done here. *Id.* (alteration in original) (quotation marks and citation omitted). Plaintiff has

1 requested to file all the crime reports and video recordings under seal without any specific
2 justification based on their individual content. Plaintiff states that the exhibits "contain
3 information that is deemed confidential and private." (ECF No. 127 at 5; ECF No. 128 at 5.)
4 However, "[s]imply invoking a blanket claim, such as privacy or law enforcement"—or that
5 "such documents are usually or often deemed confidential"—"will not, without more, suffice to
6 exempt a document from the public's right of access." *Kamakana*, 447 F.3d at 1185; *id.* at 1184
7 ("Simply mentioning a general category of privilege, without any further elaboration or any
8 specific linkage with the documents, does not satisfy the burden."). *See also Louis v. Cnty. of*
9 *Orange*, No. 2:22-CV-00493-FWS-KS, 2023 WL 8610857, at *2 (C.D. Cal. July 24, 2023)
10 ("Again, the facts that these documents were previously designated confidential, 'does not,
11 standing alone, demonstrate that the documents should be shielded from public access,' as noted
12 in the previous Order denying Defendant's motion to seal." (citation omitted)); *Hunter v. City &*
13 *Cnty. of San Francisco*, No. 11-4911 JSC, 2013 WL 2319064, at *3 (N.D. Cal. May 28, 2013)
14 ("Defendants' cursory privacy claim is thus insufficient to overcome the public's interest . . . .").

15  With respect to the video recordings, Plaintiff states that "they depict the interior of the
16 facility which poses a security risk." (ECF No. 128 at 2.) Such a conclusory statement, without
17 more, does not provide support for Plaintiff's request to seal the video recordings. Upon review
18 of the videos and without the benefit of specific articulation of the security risks, it does not
19 appear to the Court that the exhibits at issue concern internal security features at the facility or
20 other highly confidential information that could be used by detainees to threaten the safety and
21 security of the staff in the future. *See Alejandre v. Cnty. of San Joaquin*, No. 2:19-cv-00233-
22 WBS-KJN, 2021 WL 1549666, at *4 (E.D. Cal. Apr. 20, 2021) ("Besides vague and conclusory
23 assertions that allowing footage contained in the video to become public would 'compromise jail
24 and courthouse security,' defendants do not articulate any specific reasons why footage of the
25 inside of the sally port would compromise security. The court therefore finds that interests in jail
26 and courthouse security do not outweigh the public's interest in disclosure of the video.").

27  Plaintiff also states that the exhibits "do not have any general value to the public's
28 access." (ECF No. 127 at 5; ECF No. 128 at 5.) However, the Ninth Circuit has recognized that

"the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

Here, we are at the summary judgment stage of a lawsuit involving public officers and officer misconduct, in which the public has a strong interest, and the exhibits in question (video from the incident and witness statements about the incident) are probative and central to the matter at hand.[5] Accordingly, the Court finds that Plaintiff's vague and cursory assertions regarding confidentiality, privacy, and security concerns do not satisfy the compelling-reasons standard and are insufficient to overcome the public's interest in disclosure of the exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to seal (ECF Nos. 127, 128) are DENIED WITHOUT PREJUDICE;[6] and

2. Within **fourteen (14) days** of the date of service of this order, Plaintiff shall file the exhibits on the public docket.[7]

IT IS SO ORDERED.

Dated:   **February 13, 2024**                   /s/ Erica P. Grosjean
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff states that he "will be severely prejudiced if he cannot cite to and include these . . . exhibits to his opposition." (ECF No. 127 at 5.)

[6] The Court's conclusion does not preclude Plaintiff from filing another motion to seal. If Plaintiff so chooses, Plaintiff should articulate compelling reasons supported by specific facts in addition to identifying specific time stamps in each video that warrant sealing.

[7] The exhibits may include redactions for personal and/or confidential information, but the identity of the witnesses or officers should not be redacted. The exhibits should not include any protective order watermarks. To the extent Plaintiff does not have clean copies of the exhibits, the parties should meet and confer so that Plaintiff can obtain copies without the watermarks.