# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HEPNER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00774-NODJ-EPG-PC<br><br>ORDER GRANTING DEFENDANT COUNTY OF TULARE'S REQUEST FOR ORDER AMENDING SCHEDULING ORDER TO REOPEN EXPERT DISCOVERY TO ALLOW THE DEFENDANT COUNTY OF TULARE TO DISCLOSE A REPLACEMENT EXPERT<br><br>(ECF No. 145, 150) |

Roger Hepner ("Plaintiff"), represented by counsel, is proceeding in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Defendant County of Tulare's motion to amend the scheduling order to reopen expert witness discovery to allow the Defendant County of Tulare to disclose a replacement expert. (ECF No. 145, 150). For the following reasons, the Court grants the motion.

Defendant County of Tulare previously designated George Williams as a Use of Force expert. However, following his deposition, Mr. Williams indicated that he cannot continue as an expert witness on this or any other case due to a serious medical condition. Expert discovery has now closed. County of Tulare has retained a replacement expert, who is prepared to issue an expert report. However, County of Tulare requests amendment of the scheduling order to permit disclosure of the replacement expert's report and expert discovery.

Plaintiff Roger Hepner does not oppose Defendant County of Tulare's motion, although he reserves his right to use the deposition testimony of Mr. Williams in the future.

1   Defendant O'Neal opposes Defendant of Tulare's request.  Mr. O'Neil argues that he has
2 already expended significant costs and expenses on expert discovery.  He claims that County of
3 Tulare should have known that Mr. Williams might not be healthy enough to testify at trial.  He
4 also argues that County of Tulare can use the deposition testimony of Mr. Williams, even though
5 County of Tulare did not conduct any direct questioning of Mr. Williams at the deposition.

6   "A schedule may be modified only for good cause and with the judge's consent."  Fed. R.
7 Civ. P. 16()(b)(4).  The good cause standard under Rule 16(b) "primarily considers the diligence
8 of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609
9 (9th Cir. 1992). When ruling on a motion to amend a Rule 16 scheduling order to reopen
10 discovery, courts consider six factors: (1) Whether trial is imminent; (2) whether the request is
11 opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party
12 was diligent in obtaining discovery within the guidelines established by the court; (5) the
13 foreseeability of the need for additional discovery in light of the time allowed for discovery by
14 the district court; and (6) the likelihood that the discovery will lead to relevant evidence.  *City of*
15 *Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

16   Regarding the first factor, no trial date has been set in this case.  Second, the request is
17 not opposed by Plaintiff, although it is opposed by Defendant O'Neal.  Third, the non-moving
18 party would only be prejudiced insofar as it will be required to undertake discovery of the
19 replacement expert.  Fourth, Defendant County of Tulare was diligent in obtaining discovery
20 within the schedule and requesting relief upon notice of Mr. Williams' condition.  Fifth, it was
21 not foreseeable that Mr. Williams would withdraw as an expert after agreeing to undertake the
22 assignment. Finally, all parties agree that a use of force expert is important in this case.

23   Considering these factors, the Court will grant County of Tulare's motion.

24   Moreover, in light of the pending Findings and Recommendations regarding County of
25 Tulare's motion for summary judgment regarding Plaintiff's claims (although not Defendant
26 O'Neal's cross-claims), the Court will adopt County of Tulare's recommended schedule
27 regarding the proposed expert disclosure and discovery.

28   Accordingly, IT IS ORDERED as follows:

1. Defendant County of Tulare's motion to amend the scheduling order (ECF No. 145) is GRANTED.
2. Discovery is reopened for the limited purpose of permitting County of Tulare to withdraw George Williams as a Use of Force Expert and designate a replacement Use of Force Expert, and permitting expert disclosures and discovery of the replacement expert.
3. Expert disclosures and discovery regarding the replacement use of force expert is stayed until after the District Judge rules on the pending Findings and Recommendations regarding County of Tulare's motion for summary judgment.
4. Following the District Judge's order on the pending Findings and Recommendations, the parties shall meet and confer regarding a schedule for this discovery and shall submit a joint proposed schedule, or statement of disagreement as to that schedule, no later than 14 days after the District Judge's order.

IT IS SO ORDERED.

Dated:  **June 17, 2024**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

3