UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HEPNER, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF TULARE, et al., <br><br> Defendants. | Case No. 1:18-cv-00774-KES-EPG (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br> (Doc Nos. 124, 146) |

Plaintiff Roger Hepner proceeds in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 3, 2023, defendants County of Tulare and Tulare County Sheriff moved for summary judgment as to all nine claims asserted against them in plaintiff's operative second amended complaint ("SAC"). (Doc. 124.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 125.)

On March 1, 2024, the assigned magistrate judge entered findings and recommendations, recommending that defendants' motion be granted and that "[t]he County of Tulare and the Tulare County Sheriff be granted summary judgment on all causes of action." (Doc. 146 at 19.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days of service, and that any subsequent reply was to be filed within fourteen days after service of the objections. (*Id.* at 20.) On March 29, 2024,

1

1  Hepner timely filed objections to the findings and recommendations.  (Doc. 152.)  Defendants
2  County of Tulare and Tulare County Sheriff timely filed a reply to Hepner's objections on
3  April 12, 2024.  (Doc. 153.)
4       In the objections, Hepner first contests the magistrate judge's review of the evidence,
5  seeking clarity on which evidentiary objections were sustained and/or overruled.  Hepner also
6  objects to the recommendation that summary judgment be granted for the county defendants on
7  each of his nine causes of action.  With respect to his fourth cause of action under 42 U.S.C.
8  § 1983, Hepner argues that the findings and recommendations did not give enough weight to
9  defendant Nicholas O'Neal's testimony as to whether he was adequately trained, including
10  whether he was taught a particular de-escalation tactic known as verbal judo.  As to his fifth cause
11  of action under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), Hepner
12  argues that a jury should assess (1) whether the County defendants' lack of a policy for handling
13  mentally challenged inmates amounts to a deliberate indifference of his constitutional rights, and
14  (2) whether certain of the County defendants' policies are facially deficient.  Finally, as to his
15  first, second, third, sixth, seventh, eighth, and ninth state law causes of action, Hepner argues that
16  the "California Government Code section 844.6(a) immunity provision is unconstitutional when
17  applied to deprive a mentally delayed inmate of the right to compensation for injuries caused by a
18  correctional officer" and disputes the magistrate judge's finding that this provision passes rational
19  basis scrutiny.  These objections are each addressed below.
20       First, Hepner's objection regarding the evidence reviewed is unpersuasive to the extent it
21  suggests that individual rulings on each evidentiary objection are required.  "Before ordering
22  summary judgment in a case, a district court must . . . rule on evidentiary objections that are
23  *material* to its ruling."  *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (emphasis
24  added).  Here, the findings and recommendations adequately explain that the evidence necessarily
25  relied on therein was considered admissible. (Doc. 146 at 4.)  Contrary to Hepner's assertion, it is
26  clear what evidence was considered—both from the discussion of specific evidence and from
27  accompanying citations to the record.  For example, in discussing "Mark Gist's declaration that
28  O'Neal attended eleven trainings that included instruction on verbal de-escalation" the findings

and recommendations clearly considered that portion of the declaration admissible, even though Hepner objected to it. (Docs. 146 at 12; 131-4 at 2.) Moreover, Hepner does not identify specific evidence that he claims the magistrate judge improperly considered.

Second, the objection that the findings and recommendations "failed to give adequate credence" to defendant O'Neal's testimony as to whether he was adequately trained, including whether he was taught verbal judo, disregards the multiple references and discussion that was devoted to these exact topics in the findings and recommendations. (Doc. 146 at 11–12.) The fact that this evidence was analyzed more specifically in connection with Hepner's fifth cause of action, as opposed to his fourth cause of action, does not mean it was not given adequate credence. To the contrary, the findings and recommendations appropriately reviewed such evidence, weighed it against opposing evidence, and a reached the appropriate conclusion. Among other things, as the findings and recommendations note, O'Neal's *recollection* as to whether he received de-escalation training does not create a genuine dispute of fact when the County defendants have put forth specific evidence in the form of O'Neal's training log and Mark Gist's declaration that O'Neal attended eleven trainings that included instruction on verbal de-escalation.

Third, as to his *Monell* claim, Hepner contends that a jury should assess whether policies 300 and 514 are facially deficient, pointing to the deposition testimony of his expert, Gary Raney, who opined that the policy should "[a]dvise on time – if there is the opportunity to call for assistance while still maintaining control of the housing unit, then that should be done" and "[i]nstruct deputies not to approach inmate suspects when de-escalation tactics can be implemented." However, the policies contain language encouraging minimal reliance on the use of force, generally as a last resort. Thus, the findings and recommendations correctly concluded that Hepner "has not plausibly alleged that this is a situation in which 'the need for more or different' action was 'so obvious' that we can infer deliberate indifference from the text of the policy alone." *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1142 (9th Cir. 2020) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). Hepner also contends that a jury should assess if the absence of a policy for identifying developmentally challenged inmates

1  reflects deliberate indifference, but this argument was specifically addressed and correctly
2  determined in the findings and recommendations.  Hepner does not cite to any authority
3  undermining the analysis in the findings and recommendations.
4       Fourth, Hepner's objections regarding his state law claims are not sufficient to find
5  California Government Code section 844.6(a) unconstitutional under rational basis review.  As
6  set forth in *Hughes v. Cnty. of San Diego*, "[t]he constitutionality of section 844.6 has been
7  tested" and "was upheld against attack on equal protection and due process grounds."  35 Cal.
8  App. 3d 349, 351 (Cal. Ct. App. 1973).  Furthermore, the findings and recommendations correctly
9  explain that

> "A statute 'does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality.' Rather, the constitutional test requires only that the statute, as a general matter, serve a legitimate governmental purpose." *Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005) (citation omitted)).

14  (Doc. 146 at 17.)  Here, once again, Hepner does not provide authority for his objection that
15  governmental immunity under California law does not apply to actions undertaken with malice or
16  deliberate indifference.  In any event, Hepner does not dispute that rational basis review applies,
17  and he does not meet his burden to establish that there is no rational basis supporting the
18  constitutionality of California Government Code section 844.6(a).  *Heller v. Doe by Doe*, 509
19  U.S. 312, 320 (1993).
20       Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.
21  Having carefully reviewed the file, the Court concludes that the findings and recommendations
22  are supported by the record and proper analysis.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4

Accordingly:

1. The findings and recommendations issued on March 1, 2024, (Doc. 146), are adopted in full;
2. Defendants County of Tulare and Tulare County Sheriff's motion for summary judgment (Doc. 124) is granted; and
3. Defendants County of Tulare and Tulare County Sheriff are granted summary judgment on all causes of action.

IT IS SO ORDERED.

Dated: February 3, 2025

_____
UNITED STATES DISTRICT JUDGE